UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA DEMETRIUS BAIRFIELD, | No. 2:14-cv-01344 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY JAIL, et al., | |
| Defendants. | |

    Petitioner, a Solano County Jail inmate, filed what purports to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The petition was filed in the Northern District of California on April 7, 2014. On May 30, 2014, the case was transferred to this district since the acts complained of occurred in Solano County. See ECF No. 6. In the transfer order, Judge Chhabria of the Northern District of California noted that while the case was initiated using the form for filing a habeas corpus application, petitioner was actually asserting a claim pursuant to 42 U.S.C. § 1983 based on the mishandling of his legal mail by the Solano County Jail and Officer Collins. Id. Once transferred to this court, the case was opened as a habeas corpus petition.

    The undersigned has reviewed the pending application for habeas corpus relief and determined that petitioner is not challenging his conviction or sentence. Rather, as noted by the Northern District of California, he is challenging the conditions of his confinement. Such a

challenge is properly raised in a 42 U.S.C. § 1983 complaint. The court has discretion to construe petitioner's claims as a complaint under 42 U.S.C. § 1983. See Willwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006). However, provisions of the Prison Litigation Reform Act of 1995 ("PLRA") may make it inappropriate to construe a habeas petition as a civil rights complaint. Due to the PLRA's filing fee requirements, its provisions requiring sua sponte review of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless the prisoner clearly wishes to do so. See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e; Bunn v. Conley, 309 F.3d 1002, 1007 (7th Cir. 2002) (stating that courts should not recharacterize nature of prisoner's claim because PLRA and AEDPA created "pitfalls of different kinds for prisoners using the wrong vehicle").

Here, it is perfectly clear that petitioner's only legal avenue for challenging the mishandling of his legal mail while a detainee is through a civil rights action pursuant to 42 U.S.C. § 1983. Thus, this court will redesignate the instant case as a civil rights action pursuant to 42 U.S.C. § 1983 and will dismiss the original complaint with leave to amend on the form used in this district for filing a § 1983 complaint. In addition, the court will not assess the $350 filing fee for a civil rights action at this time, thereby allowing plaintiff to choose whether to proceed with this civil rights action by filing an amended complaint despite the substantial difference in the filing fees between a habeas corpus action ($5.00 filing fee) and a civil rights action ($350.00 filing fee).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall redesignate this case as a civil rights action pursuant to 42 U.S.C. § 1983;

2. Petitioner's original application filed on April 7, 2014 (ECF No. 1) is dismissed with leave to amend;

2

1        3.  Petitioner may file an amended civil rights complaint on the appropriate form within
2   thirty days from the date of this order;
3        4.  The Clerk of Court shall provide petitioner the form used in this district for filing a
4   civil rights action pursuant to 42 U.S.C. § 1983;
5        5.  Petitioner's pending motion for leave to proceed in forma pauperis (ECF No. 2) and
6   motion for ADR referral (ECF No. 12) are deferred pending the filing of an amended civil rights
7   complaint; and,
8        6.  The failure to file an amended complaint within the time provided shall result in a
9   recommendation that this case be dismissed without prejudice.
10  DATED: June 20, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE