UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA DEMETRIUS BAIRFIELD, | No. 2:14-cv-1344 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER COLLINS – TRC # 1C08, | |
| Defendant. | |

Plaintiff is an inmate at the Solano County Jail, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2.[1] Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the

---

[1] Plaintiff's in forma pauperis application was deferred pending the filing of an amended complaint. ECF No. 13.

filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## I.  SCREENING STANDARD

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action.  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–35 (3d ed.2004)).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56), construe those allegations in the light most favorable to the plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th

1  Cir. 2010) (citing Twombly, 550 U.S. 544), cert. denied, 131 S. Ct. 3055 (2011), and resolve all
2  doubts in the plaintiff's favor.  Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital
3  Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)).

## II.  THE COMPLAINT

The First Amended Complaint ("complaint") alleges that plaintiff "filed a writ" in superior court, after which, defendant Collins began refusing plaintiff "pro-se status" and legal supplies, and started "denying me legal mail passage."  ECF No. 14 at 3.

## III. LEGAL STANDARDS

To state a valid claim under 42 U.S.C. § 1983, "the complaint must allege facts which, if true, would show that the defendants, while acting under color of State law, subjected the plaintiff to the deprivation of a constitutional right."  Padilla v. Lynch, 398 F.2d 481, 482 (9th Cir. 1968). Further, plaintiff must allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) ("plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim") (internal quotation marks omitted).

It appears that plaintiff is attempting to allege a First Amendment retaliation claim.  The Ninth Circuit Court of Appeals has enumerated the elements for First Amendment retaliation in the prisoner context as follows: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  A "plaintiff alleging retaliation for the exercise of constitutionally protected rights must initially show that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision."  Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

## IV.  ANALYSIS

The complaint does not sufficiently allege a First Amendment retaliation claim.  The complaint alleges adverse action by a state actor, but it fails to allege facts showing that the

3

adverse action was taken because of plaintiff's exercise of his constitutional rights.  Rather, by alleging that defendant's actions occurred "after" plaintiff filed his writ, the complaint "pleads facts that are 'merely consistent with' a defendant's liability." Iqbal, 556 U.S. at 678 (quoting Twombly, 55 U.S. at 557).  Such pleading "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id., at 557 (quoting Twombly, 550 U.S. at 678) (some quotation marks omitted).  Further, the complaint fails to allege facts showing that plaintiff's exercise of his constitutional rights were a substantial or motivating factor for the officer's actions, that the adverse action "chilled" plaintiff's exercise of his constitutional rights, and that there was no legitimate correctional goal for the adverse action.

The complaint will therefore be dismissed, but plaintiff will be granted leave to amend.

IV.  AMENDMENT

If plaintiff chooses to amend the complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each defendant is involved in the deprivation of rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012)) ("the general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect . . .").  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

1  of each defendant must be sufficiently alleged.

2  Plaintiff also moves to have this case referred to the court's "Alternative Dispute

3  Resolution Program." ECF No. 12. In light of the dismissal of plaintiff's complaint, this motion

4  will be denied. However, if plaintiff amends the complaint, and if it survives further screening,

5  plaintiff may seek an early settlement conference, if appropriate.

6  In accordance with the above, IT IS HEREBY ORDERED that:

7  1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

8  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

9  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

10  § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

11  Sheriff of Solano County filed concurrently herewith.

12  3. Plaintiff's motion for referral to an alternative dispute resolution program (ECF

13  No. 12), is DENIED without prejudice.

14  4. Plaintiff's First Amended Complaint (ECF No. 14), is DISMISSED for the reasons

15  stated above, with leave to file a second amended complaint.

16  5. Plaintiff is granted thirty days from the date of service of this order to file an amended

17  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

18  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

19  assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an

20  original and two copies of the amended complaint; failure to file an amended complaint in

21  accordance with this order will result in a recommendation that this action be dismissed.

22  DATED: December 23, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE