UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA DEMETRIUS BAIRFIELD,<br><br>  Plaintiff,<br><br>  v.<br><br>OFFICER COLLINS – TRC # 1C08,<br><br>  Defendant. | No.  2:14-cv-1344 JAM AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is an inmate at the Solano County Jail, proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Pending for this court's review is plaintiff's Second Amended Complaint.  See 28 U.S.C. § 1915A(a).  For the reasons that follow, the undersigned recommends that this action be dismissed.

Plaintiff commenced this action on April 7, 2014, in the United States District Court for the Northern District of California, as a petition for writ of habeas corpus.  ECF No. 1.  On June 23, 2014, following transfer of the action to this court, the undersigned construed plaintiff's initial filing as a civil rights complaint, in which plaintiff alleged the mishandling of his legal mail by Officer Collins at the Solano County Jail.  The court dismissed the original filing with leave to file a civil rights complaint on the form provided with the court's order.  ECF No. 13.  Plaintiff thereafter filed a First Amended Complaint.  ECF No. 14.

On December 24, 2014, this court dismissed plaintiff's First Amended Complaint with

leave to file a further amended complaint. ECF No. 16. While it appeared that plaintiff was attempting to state a First Amendment retaliation claim against defendant Collins, the court found that plaintiff's allegations[1] failed to state a cognizable claim.[2] In addition to noting the deficiencies in plaintiff's allegations, the court informed plaintiff of the legal standards for stating a cognizable First Amendment retaliation claim under Section 1983.

On January 20, 2015, plaintiff timely filed a Second Amended Complaint, which was docketed on February 6, 2015.[3] As now framed, plaintiff's allegations against defendant Collins state in full:

> C/O Collins has and was depriving of my legal right as a pro-pre inmater (sic) and that in itself is a violation of my civil right[s].

ECF No. 18 at 3. Plaintiff seeks "25.000 dollor (sic)" in damages.

---

[1] As previously described by this court, "The First Amended Complaint [] alleges that plaintiff 'filed a writ' in superior court, after which, defendant Collins began refusing plaintiff 'pro-se status' and legal supplies, and started 'denying me legal mail passage.' ECF No. 14 at 3." ECF No. 16 at 3.

[2] As previously found by this court, ECF No. 16 at 3-4:

> The complaint does not sufficiently allege a First Amendment retaliation claim. The complaint alleges adverse action by a state actor, but it fails to allege facts showing that the adverse action was taken because of plaintiff's exercise of his constitutional rights. Rather, by alleging that defendant's actions occurred "after" plaintiff filed his writ, the complaint "pleads facts that are 'merely consistent with' a defendant's liability." [Ashcroft v.] Iqbal, 556 U.S. [662] at 678 [(2009)] (quoting [Bell Atlantic Corp. v.] Twombly, 550 U.S. [544] at 557 [(2007)]). Such pleading "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (quoting Twombly, 550 U.S. at 678) (some quotation marks omitted). Further, the complaint fails to allege facts showing that plaintiff's exercise of his constitutional rights were a substantial or motivating factor for the officer's actions, that the adverse action "chilled" plaintiff's exercise of his constitutional rights, and that there was no legitimate correctional goal for the adverse action.

[3] Plaintiff's filing dates are based on application of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

This court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

The allegations of plaintiff's Second Amended Complaint are far less cognizable than those set forth in his First Amended Complaint.  The undersigned finds that plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.  Id., § 1915A(b)(1). Moreover, this court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim, and therefore concludes that further amendment would be futile.  "A district court may deny leave to amend when amendment would be futile."  Hartmann v.CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a claim; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 20, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3